THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT TAYLOR                                                                                    PLAINTIFF

v.                                    Case No. 3:19-cv-00337-KGB

KEVIN MOLDER, STEVE ROEX, TRISH
MARSHAL, and DOYAL RAMEY                                                                DEFENDANTS

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 6). Mr. Taylor has filed a timely objection to Judge Kearney's Proposed Findings and Recommendations (Dkt. No. 7). After careful review of the Proposed Findings and Recommendations and Mr. Taylor's objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Kearney's conclusion. The Court writes separately to address briefly Mr. Taylor's objection to Judge Kearney's Proposed Findings and Recommendations.

### I.    Factual And Procedural History

At the time of filing, Mr. Taylor was incarcerated at the Poinsett County Detention Center in Harrisburg, Arkansas (Dkt. No. 5, at 3). On November 22, 2019, Mr. Taylor filed a motion for leave to proceed *in forma pauperis* and a *pro se* civil rights complaint against Sheriff Kevin Molder, Chief Deputy Steve Roex, Jail Administrator Trish Marshal, and Jail Supervisor Doyal Ramey (collectively, "defendants") (Dkt. Nos. 1, 2). Mr. Taylor filed an amended complaint on December 9, 2019, alleging that he has been without hot water in his cell for 56 days (Dkt. No. 5, at 4). On December 10, 2019, Judge Kearney recommended that Mr. Taylor's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 6). In his objection to Judge Kearney's Proposed Findings and Recommendations, Mr. Taylor complains

that there is no hot water in his cell with which to brush his teeth, wash his face, or cook ramen noodle soup or summer sausages (Dkt. No. 7).

## II.     Standard Of Review

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted). "Punishment that 'deprive[s] inmates of the minimal civilized measures of life's necessities' is unconstitutional." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Hence, the Eighth Circuit has observed that prisoners are entitled to, at a minimum, "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

To prevail on his Eighth Amendment claim, Mr. Taylor "must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993) (citation omitted). In a conditions-of-confinement case such as this, the prisoner must prove that prison officials acted with deliberate indifference. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *Ambrose v. Young*, 474 F.3d

1070, 1075 (8th Cir. 2007). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007) (citing *Farmer*, 511 U.S. at 844–45). "This subjective state of mind must be present before a plaintiff can be successful because only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (quoting *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002)).

### III. Analysis

While access to drinking water and sanitation facilities are two of life's necessities, the Court finds that Mr. Taylor has failed to demonstrate that the lack of *hot* water in his cell actually deprived him of those necessities. Mr. Taylor has not alleged that he has been deprived of running water in his cell or that there is no hot water in the showers. Also, Mr. Taylor has not alleged that he was injured in any way by the lack of hot water in his cell, nor has he shown that it poses an excessive risk to his health. Accordingly, to the extent Mr. Taylor complains about the temperature of the water in his cell, he has not established a sufficiently serious deprivation to state an Eighth Amendment claim upon which relief can be granted under controlling case law.

The Court acknowledges that the conditions about which Mr. Taylor complains are uncomfortable and inconvenient. He fails, however, to allege that he has been deprived of the minimal civilized measures of life's necessities. *See Martin v. Byrd*, No. 4:07-CV-01184-SWW, 2008 WL 686936, at *4 (E.D. Ark. Mar. 10, 2008) ("Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, discomfort compelled by conditions of confinement, without more, does not violate the amendment.") (citation and internal quotation marks omitted).

## IV. Conclusion

In sum, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings of fact and conclusions of law (Dkt. No. 6). The Court dismisses Mr. Taylor's complaint and amended complaint without prejudice. Dismissal of this action constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g). Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order and Judgment entered in this case would not be taken in good faith.

It is so ordered this 19th day of January, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge